Ms. Cathyrn Hinshaw, Executive Director Arkansas Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on the following questions concerning the Arkansas Fire Fighters' Deferred Retirement Option Plan ("DROP"), which is codified at A.C.A. § 24-11-830 (Supp. 1997):
 1. Could a firefighter who had been on DROP for 26 months quit the DROP, repudiate his DROP account money, and continue service with the same department, as though he had never been a member of the DROP?
 2. Do the provisions of A.C.A. § 24-11-827 apply to persons on the DROP? If so, how do they interact with the DROP?
With regard to your first question, my research has yielded no clear statutory or judicial guidance on this matter. Nor am I aware of any administrative rules or regulations addressing the issue. Legislative clarification may therefore be indicated. In the absence, however, of either statutory or regulatory authority, I must conclude that there currently is no provision for a firefighter to rescind or revoke his participation in DROP and then continue service with the same department as though he had never elected DROP.
According to my review, the governing Code section, A.C.A. § 24-11-830, is silent on this question. It should perhaps be noted that there is language requiring termination of employment "[a]t the conclusion of a member's participation in the [DROP]. . . ." Id. at subsection (c)(2). I believe this clearly refers, however, to a member's separation from service and receipt of benefits in accordance with § 24-11-830. The subsection states in full:
 At the conclusion of a member's participation in the Arkansas Fire Fighters' Deferred Retirement Option Plan, the member shall terminate employment with all participating municipalities as a fire fighter and shall start receiving the member's accrued monthly retirement benefit from the firemen's pension and relief fund.
A.C.A. § 24-11-830(c)(2) (Supp. 1997).
In my opinion, this should not be construed as an express prohibition against a member revoking the decision to participate in DROP and continuing his or her employment. Rather, it addresses the requirement that employment must cease when participation in DROP ends, either sometime during or at the end of the five years, in order for the member to receive the deferred retirement pension.
The statute is simply silent, in my opinion, on the separate question of a member quitting DROP and repudiating his DROP account balance. It might be contended that in the absence of express statutory authorization, this cannot be done. This is not the equivalent, however, of coming out of retirement and rejoining a retirement system, a scenario which as I have previously noted is widely regarded as impermissible unless expressly authorized by statute. See, e.g., Op. Att'y Gen. 96-212. The member who quits DROP will not have terminated active membership, nor will he or she be receiving any pension benefits.
I believe the possibility remains that this matter could be addressed administratively either by the Arkansas Fire and Police Pension Review Board, or perhaps by the board of trustees of the local pension and relief fund pursuant to its authority to approve participation in the plan. See A.C.A. § 24-11-830(a). Legislative clarification would, however, in my opinion, be the only sure means of resolving any lingering issues. And in any event, in the absence of any applicable rules or regulations, it must be concluded that this course of action is currently unauthorized.
It is my opinion that the answer to your second question is "no." Arkansas Code Annotated § 24-11-827 (Repl. 1996) addresses the scenario of an "age or service retirant" (id. at subsection (a)), coming out of retirement and rejoining the retirement system. A review of § 24-11-830
(the DROP provision) reflects a clear distinction between such a retirant who "elect[s] to cease employment and receive a service retirement[,]" and a DROP participant. See A.C.A. § 24-11-830(d)(3). The DROP is offered "[i]n lieu of terminating employment and accepting a service retirement pension pursuant to §§ 24-11-801 et seq. . . ." Id. at subsection (a).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh